

**KAYE, ROSE & PARTNERS, LLP**
Bradley M. Rose, Esq., SBN 126281
Frank C. Brucculeri, Esq., SBN 137199
723 Palisades Beach Road, Suite 108
Santa Monica, California 90402
Telephone: (310) 551-6555
Facsimile: (310) 277-1220
E-mail: brose@kayerose.com
           fbrucculeri@kayerose.com

Attorneys for Plaintiff, **TPLOGIX, INC. and UNTUCKIT, LLC.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

| | |
|---|---|
| TPLOGIX, INC., a California corporation, UNTUCKIT, LLC, a Delaware limited liability corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>370 CARTONS OF 100 PERCENT COTTON MEN'S SHIRTS SHIPPED IN CONTAINER NUMBER CSNU7999108, *in rem,* 287 CARTONS OF 100 PERCENT COTTON MEN'S SHIRTS SHIPPED IN CONTAINER NUMBER CSLU1913310, *in rem,* 773 CARTONS OF 100 PERCENT COTTON MEN'S SHIRTS SHIPPED IN CONTAINER NUMBER OOLU6920507, *in rem,* 728 CARTONS OF 100 PERCENT COTTON MEN'S SHIRTS SHIPPED IN CONTAINER NUMBER OOLU9545499, *in rem,* MV CMA CGM YUKON bearing International Maritime Organization No. 9806079, | Case No.: 8:24-cv-1793<br><br>**VERIFIED COMPLAINT IN PERSONAM AND IN REM PURSUANT TO RULES C, D AND E OF THE SUPPLEMENTAL RULES OF CIVIL PROCEDURE FOR ADMIRALTY OR MARITIME CLAIMS; DEMAND FOR PUNITIVE DAMAGES** |

Kaye, Rose & Partners, LLP

including its engines, boilers, tackle, and other appurtenances, etc., *in rem*, MV OOCL GENOA, bearing International Maritime Organization No. 9613587, including its engines, boilers, tackle, and other appurtenances, etc., *in rem*, COSCO SHIPPING LINES CO., LTD., a foreign corporation, and DOES 1-15, INCLUSIVE,

Defendants.

Plaintiffs TPLOGIX, Inc. ("TPLOGIX") and Untuckit, LLC ("Untuckit") (hereinafter jointly or collectively "Plaintiffs") bring this admiralty action *in rem* against 370 cartons of 100 percent cotton men's shirts shipped in Container number CSNU7999108, *in rem,* (hereinafter "Untuckit Cargo 1"), 287 cartons of 100 percent cotton men's shirts shipped in Container number CSLU1913310, *in rem,* (hereinafter "Untuckit Cargo 2"), 773 cartons of 100 percent cotton men's shirts shipped in Container number OOLU6920507, *in rem,* (hereinafter "Untuckit Cargo 3"), 728 cartons of 100 percent cotton men's shirts shipped in Container number OOLU9545499, *in rem,* (hereinafter "Untuckit Cargo 4"), the M/V CMA CGM YUKON bearing International Maritime Organization ("IMO") No. 9806079 (hereinafter "MV CMA CGM YUKON"), *in rem*, the MV OOCL GENOA, bearing IMO No. 9613587 ("MV OOCL GENOA"), *in rem*, and *In Personam* against defendant COSCO SHIPPING LINES CO., LTD. (hereafter "COSCO"), and make the following allegations with respect to its claims and causes of action against the *In Rem* and *In Personam* Defendants.

## I. Jurisdiction and Venue

1.      This action is within the admiralty jurisdiction of this Court under 28 U.S.C. § 1331 and 28 U.S.C. § 1333(1), and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

Kaye, Rose & Partners, LLP

1

VERIFIED COMPLAINT PURSUANT TO RULES C, D and E

2.      Admiralty *In Rem* jurisdiction is based on the ocean carriage of the following containerized cargoes from Hai Phong, Vietnam to Los Angeles/Long Beach in July and August 2024:

--      Untuckit Cargo 1 (consisting of 370 cartons of 100 percent cotton shirts in Container number CSNU7999108 carried by COSCO aboard the MV CMA CGM YUKON under COSCO MBL number COSU6387099070) (hereinafter "Untuckit Cargo 1"),

--      Untuckit Cargo 2 (consisting of 287 cartons of 100 percent cotton shirts in Container number CSLU1913310 carried by COSCO aboard the MV OOCL GENOA under COSCO MBL number COSU6389872650 (hereinafter "Untuckit Cargo 2"),

--      Untuckit Cargo 3 (consisting of 773 cartons of 100 percent cotton shirts in Container number OOLU6920507 carried by COSCO aboard the MV OOCL GENOA under MBL number COSU6389872650 (hereinafter "Untuckit Cargo 3") and

--      Untuckit Cargo 4 (consisting of 728 cartons of 100 percent cotton shirts in Container number OOLU9545499 carried by COSCO aboard the MV OOCL GENOA under COSCO MBL number COSU6389872650 (hereinafter "Untuckit Cargo 4").

3.      Untuckit Cargo 1 is currently located at the Port of Los Angeles at Fenix Marine Terminal (614 Terminal Way, Terminal Island, Port of Los Angeles, CA 90731), which is within the jurisdiction of this honorable court. Defendants COSCO and/or the MV CMA CGM YUKON have wrongfully refused and continue to wrongfully refuse to release and/or deliver Untuckit Cargo 1 to TPLOGIX and/or Untuckit in violation of their duties under the General Maritime law and/or as carrier(s) under MBL COSU6387099070 and in violation of their respective obligations under the Carriage of Goods By Sea Act.

4.      Untuckit Cargo 2, Untuckit Cargo 3 and Untuckit Cargo 4, moving

VERIFIED COMPLAINT PURSUANT TO RULES C, D and E

Kaye, Rose & Partners, LLP

under COSCO bill of lading COSU6389872650 are currently laden aboard the MV OOCL GENOA which has departed Hai Phong, Vietnam and are destined to arrive and be offloaded with the arriving Vessel on or about August 17, 2024 at the Port of Long Beach (Pacific Container Terminal (521 Pier J Ave E, Long Beach, CA 90802), which is within the jurisdiction of this honorable court. Defendants COSCO and the MV OOCL GENOA have confirmed in writing that they will withhold and refuse to release and/or deliver Untuckit Cargoes 2-4 to Plaintiffs when the vessel arrives at Pacific Container Terminal in Long Beach on or about July 17, 2024. In doing so, COSCO has repudiated its bill of lading contract to carry and deliver Untuckit Cargos 1-4 to Plaintiffs and is otherwise in breach of its maritime duties as a carrier and/or as bailee of the cargoes being carried aboard the MV OOCL GENOA.

5. Admiralty *In Rem* jurisdiction with respect to the MV CMA CGM YUKON exists and is based on the fact that the MV CMA CGM YUKON accepted and carried Untuckit Cargo 1 under COSCO bill of lading number COSU6387099070 from Hai Phong, Vietnam to Los Angeles/Long Beach, arriving at Fenix Marine Terminal (614 Terminal Way, Terminal Island, Port of Los Angeles, CA 90731), on or about July 30, 2024. Maritime tort and/or contract liens under Admiralty Rule C lie against the MV CMA CGM YUKON pursuant to its ratification of COSCO bill of lading COSU6387099070 (via its acceptance and carriage of Untuckit Cargo 1) and pursuant to the General Maritime Law's "mutual lien theory" pursuant to which a maritime lien is created in favor of cargo against the carrying vessel at the moment that the cargo is received on board the carrying vessel.

6. Admiralty *In Rem* jurisdiction with respect to the MV OOCL GENOA exists and is based on the fact that the MV OOCL GENOA accepted and carried Untuckit Cargo 2, Untuckit Cargo 3 and Untucking Cargo 4 under COSCO bill of lading number COSU6389872650 from Hai Phong, Vietnam to Los Angeles/Long Beach, arriving at Pacific Container Terminal (521 Pier J Ave E, Long Beach, CA 90802) on or about August 17, 2024. Maritime tort and/or contract liens under

Kaye, Rose & Partners, LLP

Admiralty Rule C lie against the MV OOCL GENOA pursuant to its ratification of COSCO bill of lading COSU6389872650 (via its acceptance and carriage of Untuckit Cargo 2, Untuckit Cargo 3 and Untuckit Cargo 4) and pursuant to the General Maritime Law's "mutual lien theory" pursuant to which a maritime lien is created in favor of cargo against the carrying vessel at the moment that the cargo is received on board the carrying vessel. **The vessel MV OOCL GENOA is scheduled to arrive in Long Beach on or about August 17, 2024 and will be within the jurisdictional waters of this judicial district within the pendency of this action.**

7      The *in personam* claims against defendant COSCO and Does 1 through 15 are for loss and/or damage to Untuckit Cargo 1, Untuckit Cargo 2, Untuckit Cargo 3 and Untuckit Cargo 4 (and/or failure and/or refusal to deliver and/or release the referenced Untuckit Cargos 1-4 to Plaintiffs as required by the COSCO bill of lading contract) under the Carriage of Goods by the Sea Act, 46 USC 30701 *et. seq.* (hereinafter "COGSA") and arise under the Court's federal question jurisdiction (28 U.S.C. § 1331); and the claims against those defendants for breach of maritime contract (COSCO bills of lading numbered COSU6387099070 and COSU6389872650) and breach of bailment invoke the Court's admiralty contract jurisdiction (28 U.S.C. § 1333).

8.      Venue is proper in this Court within the meaning of 28 U.S.C. section 1391(b)(2), as the containerized cargoes referenced herein-above, which lie at the center of Plaintiffs' claims against all defendants were either delivered or about to be delivered by ocean going vessels in maritime commerce at the ports of Los Angeles/Long Beach (Fenix Marine Terminal and Pacific Container Terminal) which are within this judicial district.

9. The principal relief sought by Plaintiffs via this Verified *In Rem* Complaint is the release and/or return of the Untuckit Cargos 1-4 (which belong to Plaintiffs, and which are being wrongfully withheld by COSCO and/or the Defendant Vessels) which is available under Rule D of the Supplemental Rules for Admiralty or

4

VERIFIED COMPLAINT PURSUANT TO RULES C, D and E

Maritime Claim and Asset Forfeiture Actions.  Accordingly, as owners and/or those with a right of possession to the involved *In Rem* defendant Untuckit Cargoes, Plaintiffs seek the immediate arrest pursuant to Rule of Untuckit Cargo 1 (from Fenix Marine Terminal), Untuckit Cargo 2, Untuckit Cargo 3, and Untuckit Cargo 4 from the Vessel MV OOCL GENOA and/or the Pacific Container Terminal where those containers/cargoes are scheduled to be offloaded and stored once the vessel arrives in Long Beach on or about August 17, 2024.

10.  A party may use Admiralty Rule D to recover via arrest and an in rem complaint a bill of lading and the cargo covered by an ocean bill of lading. *Thypin Steel Co. v. Asoma Corp.* 215 F. 3d 273, 282–283 (2nd Cir. 2000); *Matsuda v. Wada* 128 F. Supp. 2d 659, 670 (D. Hawaii 2000); *Cary Marine, Inc. v. Motorvessel Papillon,* 872 F.2d 751, 756 (6th Cir. 1989) ("A possessory action permits a party to adjudicate the right to possession of property that has wrongfully been taken"). Specifically, a Rule D action requires that the plaintiff either has legal title to the property at issue or that the plaintiff has a right to possess the property. Matsuda, 128 F. Supp. 2d at 669.  As the owner of the Untuckit Cargoes, Untuckit has an absolute right to immediate possession of its cargoes.  Likewise, as a freight forwarder and consignee on COSCO'S bills of lading covering ocean transport of Untuckit Cargos 1-4, TPLOGIX also has a right to possession of the cargoes and the right to sue COSCO for breach of the COSCO bills of lading/contracts of carriage.

11.  As Untuckit Cargos 1-4 are containerized, they are moveable and therefore subject to being removed from the jurisdiction by the Defendants at any time without notice to Plaintiffs.  Plaintiffs therefore seek the immediate arrest of the cargoes via ex part application for warrant of arrest pursuant to Admiralty Rule D in order to prevent them from being removed from the jurisdiction by the Defendants.

12.  This Court also has the power to declare rights and liabilities under the Declaratory Judgment Act, 28 U.S.C. § 2201.  Plaintiffs seek that the Court declare that Plaintiffs have an immediate right to possession of the Untuckit Cargos 1-4 and

Kaye, Rose & Partners, LLP

5

VERIFIED COMPLAINT PURSUANT TO RULES C, D and E

that COSCO may not exercise a lien against the Cargos or withhold Untuckit Cargos 1-4 on account of an alleged debt allegedly owned by unrelated parties (Cargonet Logistics Vietnam Co., Ltd ("Cargonet") and Alfa International Logistics, Inc.("Alfa")) on an unrelated cargo of medical masks carried by COSCO in January 2021 aboard the MV COSCO ITALY for and on behalf of Cargonet and Alfa. Plaintiff Untuckit is the owner and/or purchaser of Untuckit Cargos 1-4.  Attached hereto at Exhibit 4 are true and correct copies of the commercial invoices substantiating purchase of the Untuckit Cargos 1-4.

13.    In withholding delivery of Untuckit Cargos 1-4 from Plaintiffs, COSCO has acted with the intention to cause unwarranted injury to Plaintiffs and has acted recklessly and with wanton disregard for Plaintiffs' rights to delivery of Untuckit Cargos 1-4 under the clear terms of COSCO's bills of lading and the application of the General Maritime law.  As a consequence of COSCO's intentional, reckless and/or grossly negligent conduct in refusing to deliver Untuckit Cargos 1-4 to Plaintiffs and/or withholding delivery based on a bogus and inapplicable lien claim that COSCO claims to have against parties in no way related to Plaintiffs or the subject shipments moving under COSCO's four bills of lading referenced herein above, Plaintiffs are entitled to and seek an award of punitive damages against COSCO to both punish it for its intentional, reckless and/or grossly negligent conduct and to deter it from continuing to act with such wanton, intentional, reckless and grossly negligent disregard for the rights of its customers to deliver of their cargoes.  Plaintiffs are informed and believe and thereon alleged that COSCO is intentionally and recklessly attempting to use its superior financial position to leverage a payment from Plaintiffs on a debt on which Plaintiffs have no connection and no liability.  Furthermore, COSCO is wrongfully and intentional (with full knowledge that it lacks the legal right to do so) withholding the delivery of nearly $780,000 worth of Plaintiffs' cargo in an effort to extort payment of a debt (invoice dated February 15, 2023 to Alfa) in the amount of $183,810.  Such

VERIFIED COMPLAINT PURSUANT TO RULES C, D and E

intentional, reckless and grossly negligent conduct is outrageous by any standard and warrants the imposition of punitive damages against COSCO.

## II. The Parties

14.  Plaintiff TPLOGIX, Inc. ("TPLOGIX") is a California corporation with its principal place of business in Fountain Valley, California, is a properly licensed freight forwarder of goods to and from the United States in international and marine commerce. TPLOGIX contracted with COSCO on behalf of its customers, including Untuckit, to secure the ocean carriage of Untuckit Cargo 1, Untuckit Cargo 2, Untuckit Cargo 3 and Untuckit Cargo 4 from Hai Phong, Vietnam to the Ports of Los Angeles aboard the MV CMA CGM YUKON and the MV OOCL GENOA.  At all times relevant herein, as a contracting party under the COSCO bills of lading numbered COSU6387099070 and COSU6389872650, as well as a MERCHANT as defined by COSCO's bill of lading terms and conditions, TPLOGIX has a possessory interest in Untuckit Cargoes 1-4 sufficient to secure an arrest of those cargoes under Admiralty Rule D.

15.  Plaintiff Untuckit, LLC ("Untuckit") is a Delaware limited liability corporation with its principal place of business in New York, New York, and is the ultimate consignee, purchaser and owner of Untuckit Cargo 1, Untuckit Cargo 2, Untuckit Cargo 3 and Untuckit Cargo 4 which were carried aboard the MV CMA CGM YUKON and the MV OOCL GENOA from Hai Phong, Vietnam to Los Angeles/Long Beach.  Untuckit retained Plaintiff TPLOGIX as a freight forwarder to secure ocean transportation for its cargoes (Untuckit Cargoes 1-4) carried aboard the MV CMA CGM YUKON and the MV OOCL GENOA under COSCO bills of lading numbered COSU6387099070 and COSU6389872650.  Untuckit is also a MERCHANT as defined by COSCO's bill of lading terms and conditions.  As such, as both the owner and ultimate consignee of Untuckit Cargoes 1-4 and as a MERCHANT pursuant to COSCO's bills of lading, Untuckit has an ownership and/or

7

VERIFIED COMPLAINT PURSUANT TO RULES C, D and E

possessory interest in Untuckit Cargoes 1-4 sufficient to secure an arrest of those cargoes under Admiralty Rule D.

16.  The *In Rem* defendant Vessel, MV CMA CGM YUKON, is a Malta-flagged container ship bearing IMO number. 9806079, on which the Untuckit Cargo 1 was loaded in Hai Phong, Vietnam on or around July 3, 2024 and bound for discharge and discharged at Fenix Marine Terminal at the Port of Los Angeles, California on or about July 30, 2024.  In taking aboard Untuckit Cargo 1, the MV CMA CGM YUKON ratified the COSCO bill of lading numbered COSU6387099070 and was and remains bound to deliver Untuckit Cargo 1 to TPLOGIX and/or Untuckit.

17.  The *In Rem* defendant Vessel, MV OOCL GENOA, is a Hong Kong-flagged container ship bearing IMO number 9613587 on which the Untuckit Cargo 2, Untuckit Cargo 3 and Untuckit Cargo 4 was loaded in Hai Phong, Vietnam on or around July 22, 2024 and is bound for discharge at Pacific Container Terminal l at the Port of Long Beach, California on or about August 17, 2024.  In taking aboard Untuckit Cargos 1-4, the MV OOCL GENOA ratified COSCO bill of lading numbered COSU6389872650 and was and remains bound to deliver Untuckit Cargo 1, Untuckit Cargo 2, Untuckit Cargo 3 and Untuckit Cargo 4 to TPLOGIX and/or Untuckit in the same good order as when received in Hai Phong, Vietnam.

18.  The true names of each of the Doe defendants are presently unknown to Plaintiffs and are therefore sued in those fictitious names. Plaintiffs will amend their complaint to substitute their true names when they have been determined.

### III. Facts Material to All Claims

19.  On or about July 3, 2024, COSCO acting in its capacity as a Federal Maritime Commission licensed ocean carrier, issued COSCO Combined Transport bill of lading numbered COSU6387099070 covering the transportation of 370 cartons of 100 percent Men's Cotton shirts in Container number CSNU7999108

VERIFIED COMPLAINT PURSUANT TO RULES C, D and E

Kaye, Rose & Partners, LLP

aboard the MV CMA CGM YUKON from Hai Phong, Vietnam to Los Angeles, California. A true and correct copy of COSCO's Combined Transport Bill of Lading numbered COSU6387099070 covering Untuckit Cargo 1 is attached hereto at Exhibit 1.

20.    Pursuant to COSCO's issuance of Combined Transport Bill of Lading numbered COSU6387099070, COSCO was and remains legally and contractually obligated to transport and deliver to the Consignee named therein (TPLOGIX) or to the MERCHANT or owner of the cargo (Untuckit) Untuckit Cargo 1 in the same good order as when received by COSCO aboard the MV CMA CGM YUKON in Hai Phong.

21.    In breach and contravention of its obligations as a carrier under the Combined Transport Bill of Lading numbered COSU6387099070 and/or pursuant to its obligations under COGSA, COSCO has refused to release and deliver Untuckit Cargo 1 to Plaintiffs, or either of them, despite repeated demands therefore.

22.    As a direct and proximate result of COSCO's failure to release and deliver Untuckit Cargo 1 pursuant to COSCO's obligations under Combined Transport Bill of Lading numbered COSU6387099070 and/or pursuant to its obligations as an ocean carrier under COGSA, Plaintiffs and each of them have suffered and will continue to suffer monetary damages resulting from COSCO's failure to deliver Untuckit Cargo 1 to Plaintiffs.

23.    On or about July 22, 2024, COSCO acting in its capacity as a Federal Maritime Commission licensed ocean carrier, issued COSCO Combined Transport bill of lading numbered COSU6389872650 covering the transportation Untuckit Cargo 2, Untuckit Cargo 3 and Untuckit Cargo 4 (in three containers) aboard the MV OOCL GENOA from Hai Phong, Vietnam to Los Angeles, California. A true and correct copy of COSCO's Combined Transport Bill of Lading numbered COSU6389872650 covering Untuckit Cargo 2, Untuckit Cargo 3 and Untuckit Cargo 4 is attached hereto at Exhibit 2.

9

VERIFIED COMPLAINT PURSUANT TO RULES C, D and E

24.    Pursuant to COSCO's issuance of Combined Transport Bill of Lading numbered COSU6389872650, COSCO was and remains obligated to transport and deliver (release) to the Consignee named therein (TPLOGIX) or to the MERCHANT or owner of the cargo (Untuckit) Untuckit Cargo 2, Untuckit Cargo 3 and Untuckit Cargo 4 in the same good order as when received by COSCO aboard the MV OOCL GENOA in Hai Phong.

25.    In breach and contravention of its obligations as a carrier under the Combined Transport Bill of Lading numbered COSU6389872650 and/or pursuant to its obligations under COGSA, COSCO has refused to release and deliver Untuckit Cargo 2, Untuckit Cargo 3 and Untuckit Cargo 4 to Plaintiffs, or either of them, despite repeated demands therefore.

26.    As a direct and proximate result of COSCO's failure to release and deliver Untuckit Cargo 2, Untuckit Cargo 3 and Untuckit Cargo 4 pursuant to COSCO's obligations under Combined Transport Bill of Lading numbered COSU6389872650 and/or pursuant to its obligations as an ocean carrier under COGSA, Plaintiffs and each of them have suffered and will continue to suffer monetary damages resulting from COSCO's failure to deliver Untuckit Cargo 2, Untuckit Cargo 3 and Untuckit Cargo 4 to Plaintiffs, or either of them.

27.    Plaintiffs have paid the freight charges due and owing to COSCO under COSCO Combined Transport Bills of Lading COSU6387099070 and COSU6389872650 and have otherwise performed all obligations required of them by the said COSCO bills of lading or applicable law or, are otherwise excused from performing said obligations.

28.    COSCO wrongfully and in breach of its legal and contractual obligations refuses to release or deliver Untuckit Cargo 1 (currently being kept or stored at Fenix Marine Terminal in the Port of Los Angeles) to Plaintiffs, despite repeated demand therefore.

29.    COSCO wrongfully and in breach of its legal and contractual obligations

10

VERIFIED COMPLAINT PURSUANT TO RULES C, D and E

Kaye, Rose & Partners, LLP

has put a hold on Untuckit Cargo 2, Untuckit Cargo 3 and Untuckit Cargo 4 (which are scheduled to arrive aboard the MV OOCL GENOA on August 17, 2024) thereby preventing Plaintiffs from taking delivery of Untuckit Cargos 2-4 when the MV OOCL GENOA makes berth at Pacific Container Terminal on or about August 17, 2024.

30.    Plaintiffs are informed and believe and thereon allege that COSCO is holding Untuckit Cargos 1-4 hostage in an effort to extort payment of an unrelated alleged debt and invoice to Alfa relating to a shipment of medical masks carried by COSCO for Alfa and Cargonet in January 2022.  A true and correct copy of the COSCO invoice to Alfa that COSCO is insisting be paid by Plaintiffs is attached hereto at Exhibit 3.  Plaintiffs are not related in any way to either Alfa or Cargonet and are not alter egos of either company.  Plaintiffs have explained as much to COSCO, but COSCO refuses to respond to Plaintiffs efforts to secure the immediate release of Untuckit Cargo 1 and to remove the hold preventing delivery on Untuckit Cargoes 2-4.  Plaintiffs, and each of them, deny liability to COSCO for the alleged debt and Invoice to Alfa (Exhibit 3).  Neither TPLOGIX nor Untuckit had any involvement in the shipment of medical masks in January 2022 which allegedly gives rise to COSCO's demand for payment on the Alfa invoice.

31.    TPLOGIX and Untuckit are separate corporate entities properly formed pursuant to the laws of California and Delaware, and are entitled to the presumption of corporate separateness pursuant to U.S. Supreme Court Jurisprudence.  *See, e.g., United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries.").  The presumption of separateness requires courts to "start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception.  Care should be taken on all occasions to avoid making the entire theory of the corporate entity . . .

VERIFIED COMPLAINT PURSUANT TO RULES C, D and E

useless." *Zubik v. Zubik*, 384 F.2d 267, 273 (3d Cir. 1967). Neither TPLOGIX nor Untuckit are affiliated with or related to Alfa or Cargonet, and there are no facts or circumstances that would justify requiring that TPLOGIX or Untuckit be held liable or responsible for COSCO's claims against Cargonet and/or Alpha related to a January 2022 shipment involving different parties, a different vessel and a different COSCO bill of lading (and an invoice to Alpha dated February 15, 2023).

32. Each of the COSCO bills of lading referred to herein define the "Carrier" of the shipment as follows: 1. Definitions: "Carrier" means COSCO SHIPPING Lines Co., Ltd. located at 378, Dongdaming Road, Shanghai 200080, P. R. China." The term "Merchant" is defined by the COSCO bills of lading as follows: "1. Definitions: "Merchant" includes the Consignor, the Shipper, the Receiver, the Consignee, the Owner of the Goods, the Holder or Endorsee of this Bill of Lading, any Person owing, entitled to or claiming the possession of the Goods or this Bill of Lading and anyone acting on behalf of any such person."

33. Plaintiffs are both parties to the COSCO bills of lading referred to above as Merchants (as defined by COSCO's bills of lading's terms and conditions) in that Plaintiff TPLOGIX is the consignee named on the front of both COSCO bills of lading covering Untuckit Cargos 1-4 and in that Plaintiff Untuckit is the company entitled to possession of the goods. See Exhibit 4.

34. Pursuant to each of COSCO's bills of lading (COSU6387099070 and COSU6389872650) which constitute the contract(s) of carriage of the Untuckit Cargos 1-4 from Hai Phong to Los Angeles, COSCO and Does 1 through 15 agreed to deliver the Untuckit Cargos 1-4 to Plaintiffs in the same good order, condition, and quantity as when it was received.

35. In breach of its contracts of carriage, COSCO and Does 1 through 15 have failed to deliver or make available for delivery to Plaintiffs Untuckit Cargos 1-4.

36. As a proximate result of the breaches of the respective contracts of carriage of Defendant COSCO and Does 1 through 15, Plaintiffs have sustained

12

VERIFIED COMPLAINT PURSUANT TO RULES C, D and E

damages in the approximate amount of not less than $ 777,706.40, no part of which has been paid by COSCO or Does 1 through 15. Time is of the essence for the delivery of the Untuckit Cargos 1-4 to Plaintiffs to allow TPLOGIX to deliver the cargoes to Untuckit and in time to meet  distribution deadlines for timely sale of the involved men's shirts.

## IV. Causes of Action

### First Cause of Action –
### Admiralty Rule Petition for the Immediate Arrest and for Possession of Untuckit Cargo 1, Untuckit Cargo 2, Untuckit Cargo 3 and Untuckit Cargo 4

37.    Plaintiffs incorporate paragraphs 1 through 36 as if fully set forth in this section.

38.    The Carriage of Goods by the Sea Act ("COGSA") sets out, among other things, the duties of ocean carriers in their transport of goods. See section 4(5), Ch. 229, 49 Stat. 1207 (1936), reprinted in note following 46 U.S.C. § 30701. Likewise, the general maritime law of the United States imposes a duty on ocean carriers to safely and prudently load, stow, secure, carry, **and deliver** the Untuckit Cargos 1-4 in the same good order, condition, and quantity as when received by the COSCO and the carrying Vessels, MV CMA CGM YUKON and MV OOCL GENOA.

39.    In refusing without proper legal justification to deliver Untuckit Cargos 1-4 to Plaintiffs, COSCO is in breach of its COGSA obligations and those imposed by the General Maritime Law and/or its bills of lading (referenced herein-above) to safely transport and deliver the cargoes to the Consignee or Merchant (as defined by COSCO's bills of lading) (in this case Plaintiffs TPLOGIX and Untuckit).    40. Plaintiff TPLOGIX has repeatedly demanded that COSCO release and deliver Untuckit Cargo 1 to Plaintiffs, but its demands have gone unanswered, forcing this action to recover and possess Untuckit Cargo 1 pursuant to Admiralty Rule D.

41.    COSCO has now wrongfully put a hold on the release and delivery of

VERIFIED COMPLAINT PURSUANT TO RULES C, D and E

Untuckit Cargoes 2-4 scheduled to arrive aboard the Vessel MV OOCL GENOA at Pacific Container Terminal at the Port of Long Beach on or about August 17, 2024.

42.    A controversy has arisen between COSCO on the one hand and Plaintiffs on the other hand with regard to Plaintiffs immediate right to delivery and possession of Untuckit Cargos 1-4.

43.    Under Rule D of the Supplemental Rules of Civil Procedure for Admiralty or Maritime Claims, Plaintiffs as the Consignee on the COSCO bills of lading and/or as owners of the subject cargoes, are entitled to bring an action *in rem* for possession of Untuckit Cargos 1-4 via the immediate arrest of those cargoes (in the containers in which they were shipped (to wit, Container numbers: CSNU7999108 (at Fenix Marine Terminal), CSLU1913310, OOLU6920507 and OOLU9545499 (at Pacific Container Terminal).

44.    As the consignee under the COSCO bills of lading and as owner of the Untuckit Cargos 1-4, Plaintiffs TPLOGIX and Untuckit, respectively, have the right of possession to Untuckit Cargos 1-4.

45.    In order to safeguard and protect Untuckit Cargos 1-4 and to prevent COSCO from removing them from the jurisdiction (and thereby depriving Plaintiffs of their respective rights of possession, Plaintiffs request an immediate order for the arrest of Untuckit Cargos 1-4 pursuant to Rule D.

46.    Plaintiffs also ask this Court to declare that COSCO has no rights in or to the Untuckit Cargos 1-4, possession and ownership of which rightfully belongs to Plaintiffs as their respective interests may appear. Plaintiffs also ask this Court to award punitive damages against COSCO for its intentional, reckless, wanton and outrageous conduct (as set forth herein) in refusing to release and deliver Untuckit Cargos 1-4 to Plaintiffs in contravention of its clear contractual and legal responsibilities and without any reasonable or valid justification.

47.    Untuckit Cargo 1 is currently located at Fenix Marine Terminal in Los Angeles and therefore within the Jurisdiction of this court and subject to immediate

VERIFIED COMPLAINT PURSUANT TO RULES C, D and E

arrest via service of a Warrant for Arrest.

48.    Untuckit Cargos 2-4 will be arriving at Pacific Container Terminal in Los Angeles aboard the MV OOCL GENOA on or about August 17, 2024 or within the pendency of this action and are therefore within the Jurisdiction of this court and subject to immediate arrest via service of a Warrant for Arrest.

**Second Cause of Action**

**Breach of Maritime Contract (COSCO Bills of Lading) under COGSA and General Maritime Law**
*(against COSCO and Does 1–15)*

49.    Plaintiffs incorporate paragraphs 1 through 48 as if fully set forth in this section.

50.    The Carriage of Goods by the Sea Act ("COGSA") sets out, among other things, the duties of ocean carriers in their transport of goods. See section 4(5), Ch. 229, 49 Stat. 1207 (1936), reprinted in note following 46 U.S.C. § 30701. Likewise, the general maritime law of the United States imposes a duty on ocean carriers like COSCO to safely and prudently load, stow, secure, carry, and deliver cargoes identified on bills of lading issued by them (like the Untuckit Cargos 1-4) in the same good order, condition, and quantity as when received by the carriers and/or the Vessel(s).

51.    In consideration for specified fees and charges, which have been fully paid to COSCO as required, COSCO and Does 1 through 15 or those acting on their behalf agreed to carry the Untuckit Cargos 1-4 from the place of receipt at the ports of loading in Hai Phong, Vietnam to the place of delivery at the ports of discharge in Los Angeles and to deliver the Untuckit Cargos 1-4 to Plaintiffs as required by the terms and conditions of COSCO's bills of lading numbered COSU6389872650 and COSU6389872650.  Untuckit Cargos 1-4 were in good order and condition when they were tendered to COSCO and Does 1 through 15 or those acting on their behalf at the port of loading.

Kaye, Rose & Partners, LLP

52.    COSCO and Does 1 through 15, or those acting on their behalf, loaded and stowed the Untuckit Cargos 1-4 aboard the ocean vessels at the port of loading and issued clean COSCO Combined Transport bills of lading numbered COSU6389872650 and COSU6389872650 for the subject Untuckit Cargoes.

53.    In refusing without proper legal justification to deliver Untuckit Cargos 1-4 to Plaintiffs as required by COSCO's bills of lading, COSCO is in willful breach of its COGSA obligations and those imposed by the General Maritime Law and/or its bills of lading (referenced herein-above) to safely transport and deliver the cargoes to the Consignee or Merchant (as defined by COSCO's bills of lading) (in this case Plaintiffs TPLOGIX and Untuckit).

54.    Plaintiff TPLOGIX has repeatedly demanded that COSCO release and deliver Untuckit Cargo 1 to Plaintiffs, but its demands have gone unanswered, forcing this action to recover and possess Untuckit Cargo 1 via arrest pursuant to Admiralty Rule D.

55.    COSCO has now wrongfully put a hold on the release and delivery of Untuckit Cargoes 2-4 scheduled to arrive aboard the Vessel MV OOCL GENOA at Pacific Container Terminal at the Port of Long Beach on or about August 17, 2024.

That hold placed by COSCO on Untuckit Cargos 2-4 is in breach of COSCO's obligations pursuant to its bills of lading and pursuant to its obligations as a carrier under COGSA and the General Maritime Laws of the United States.

56.    As a proximate result of those actions or omissions or both on the part of COSCO and DOES 1 through 15, Plaintiffs have sustained damages in the approximate amount of $777,706,40, no part of which has been paid by COSCO or Does 1 through 15. COSCO and DOES 1 through 15 are liable for the total loss of the Untuckit Cargoes 1-4 in an amount to be proved at trial and consequential damages for the delay in delivery of the cargoes caused by COSCO's willful, unwarranted and legally unjustified refusal to release and deliver Untuckit Cargos 1-4 to Plaintiffs.

Kaye, Rose & Partners, LLP

VERIFIED COMPLAINT PURSUANT TO RULES C, D and E

57.     Plaintiffs also ask this Court to award punitive damages against COSCO for its intentional, reckless, wanton and outrageous conduct (as set forth herein) in refusing to release and deliver Untuckit Cargos 1-4 to Plaintiffs in contravention of its clear contractual and legal responsibilities and without any reasonable or valid justification.

**Third Cause of Action –
Bailment/Tort**
*(against COSCO and Does 1-15)*

58.     Plaintiffs incorporate paragraphs 1 through 57 as if fully set forth in this section.

59.     COSCO and Does 1 through 15 or those acting on their behalf arranged, received, and/or accepted Untuckit Cargos 1-4  in good order and condition for shipment on the chosen carrier Vessels.  In so doing, COSCO and Does 1 through 15 or those acting on their behalf formed a bailment as a matter of law.

60.     The bailment formed as a matter of law required COSCO and Does 1-15 to deliver Plaintiffs' cargo to Plaintiffs at the destination port in the same good order and condition as when received by COSCO and Does 1-15.

61.     In refusing without proper legal justification to deliver Untuckit Cargos 1-4 to Plaintiffs. COSCO is in willful breach of its bailment obligations imposed by law to safely care for **and deliver** the Untuckit Cargos 1-5

62.     In refusing without proper legal justification to deliver Untuckit Cargos 1-4 to COSCO is in willful breach of its bailment obligations to safeguard and protect Plaintiffs' cargoes and to return them and/or **deliver** them Plaintiffs.

63.     Plaintiff TPLOGIX has repeatedly demanded that COSCO release and deliver Untuckit Cargo 1 to Plaintiffs, but its demands have gone unanswered, forcing this action to recover and possess Untuckit Cargos 1-4 and for damages against COSCO for breach of its bailment obligations to deliver Untuckit Cargos 1-4

17

VERIFIED COMPLAINT PURSUANT TO RULES C, D and E

Kaye, Rose & Partners, LLP

to Plaintiffs.

64.     As a proximate result of those actions or omissions or both on the part of COSCO and DOES 1 through 15, Plaintiffs have sustained damages in the approximate amount of $777,706,40, no part of which has been paid by COSCO or Does 1 through 15. COSCO and DOES 1 through 15 are liable for the total loss of the Untuckit Cargoes 1-4 in an amount to be proved at trial and consequential damages for the delay in delivery of the cargoes caused by COSCO's willful, unwarranted and legally unjustified refusal to release and deliver Untuckit Cargos 1-4 to Plaintiffs.

65.     Plaintiffs also ask this Court to award punitive damages against COSCO for its intentional, reckless, wanton and outrageous conduct (as set forth herein) in refusing to release and deliver Untuckit Cargos 1-4 to Plaintiffs in contravention of its clear contractual and legal responsibilities and without any reasonable or valid justification.

**Fourth Cause of Action –**
**Enforcement of Maritime Lien *in Rem Pursuant to Rule C***
**Based on Breach of and/or Ratification of Bill of Lading Contract**
*(against the MV CMA CGM YUKON and MV OOCL GENOA)*

66.     Plaintiffs incorporate paragraphs 1 through 65 as if fully set forth in this section.

67.     At all times relevant to this action, Plaintiff Untuckit is and has been the owner of the Untuckit Cargos 1-4.  Likewise, at all times relevant in this action, Plaintiff TPLOGIX was and is a party to the two Combined Transport bills of lading issued by COSCO covering the transportation of Untuckit Cargos 1-4 from Hai Phong, Vietnam to Los Angeles aboard the MV CMA CGM YUKON (with respect to Untuckit Cargo 1) and aboard the MV OOCL GENOA (with respect to Untuckit Cargos 2 -4)

68.     Untucking Cargo 1 was delivered to the MV CMA CGM YUKON in

VERIFIED COMPLAINT PURSUANT TO RULES C, D and E

Kaye, Rose & Partners, LLP

good order and condition. Untuckit Cargos 2-4 were delivered to the MV OOCL GENOA in good order and condition as well.

69.    The MV CMA CGM YUKON agreed, under a maritime contract of carriage (COSCO bill of lading numbered COSU6387099070), to transport Untuckit Cargo 1 from the port of loading in Hai Phong, Vietnam to the port of discharge in Los Angeles, California. In receiving Untuckit Cargo 1, the MV CMA CGM YUKON also ratified the COSCO bill of lading number COSU6387099070, binding the MV CMA CGM YUKON to the fulfillment of that COSCO bill of lading contract of carriage.

70.    The MV OOCL GENOA agreed, under a maritime contract of carriage, to transport Untuckit Cargos 2-4 from the port of loading in Hai Phong, Vietnam to the port of discharge in Los Angeles, California and to deliver those cargoes in Los Angeles. In receiving Untuckit Cargos 2-4, the MV OOCL GENOA also ratified the COSCO bill of lading number COSU6389872650, binding the MV OOCL GENOA to the fulfillment of that COSCO bill of lading contract of carriage.

71.    The COSCO maritime contracts of carriage binding the MV CMA CGM YUKON and the MV OOCL GENOA are manifest in the terms and conditions of the COSCO bills of lading numbered COSU6387099070 and COSU6389872650 issued by defendant COSCO and Does 1 through 15 or those acting on their behalf.

72.    Once the Untuckit Cargo 1 was loaded on the MV CMA CGM YUKON and it embarked on the voyage from the port of loading to deliver the Untuckit Cargo 1, Plaintiffs had a maritime lien (pursuant to the ratification theory and/or the mutual lien theory) against the MV CMA CGM YULON for the shipment of Untuckit Cargo 1 as agreed.

73.    Once the Untuckit Cargos 2-4 were loaded on the MV OOCL GENOA and it embarked on the voyage from the port of loading to deliver the Untuckit Cargos 2-4, Plaintiffs had a maritime lien (pursuant to the ratification theory and/or

VERIFIED COMPLAINT PURSUANT TO RULES C, D and E

the mutual lien theory) against the MV OOCL GENOA for the shipment of Untuckit Cargos 2-4 as agreed.

74.    The MV CMA CGM YUKON failed to deliver the Untuckit Cargo 1 as agreed under the contract of carriage with COSCO because COSCO has failed to release Untuckit Cargo 1 to Plaintiffs when demanded and/or as required by the contract of carriage.

75.    The MV OOCL GENOA failed to deliver the Untuckit Cargos 2-4 as agreed under the contract of carriage with COSCO because COSCO has failed to release Untuckit Cargos 2-4 to Plaintiffs when demanded and/or as required by the contract of carriage and instead has put an unwarranted and illegal hold on Untuckit Cargos 2-4, preventing Plaintiffs from taking delivery promised by COSCO's bill of lading contract, which was fully ratified by the Vessel MV OOCL GENOA.

76.    The failure of the MV CMA CGM YUKON to deliver the Untuckit Cargo 1 to Plaintiffs as agreed—the Vessel's breach of the contract of carriage—perfected Plaintiffs' maritime lien against the MV CMA CGM YUKOM.

77.    The failure of the MV OOCL GENOA to deliver Untuckit Cargos 2-4 to Plaintiffs as agreed—the Vessel's breach of the contract of carriage—perfected Plaintiffs' maritime lien against the MV OOCL GENOA.

78.    The MV CMA CGM YUKON is liable to Plaintiffs for the value of Plaintiffs lost Cargo: $131,293.08, or in an amount to be proved at trial.

79.    The MV OOCL GENOA is liable to Plaintiffs for the value of Plaintiffs lost Cargo: $646,413.32, or in an amount to be proved at trial.

## V.    Prayer For Relief

a.    For an order directing COSCO to respond to the Verified Complaint on ten (10) days' notice, on an expedited basis under Local Rule D.1;

b.    That a Warrant of Arrest in due form of law and according to the practice of this Honorable Court in cases of admiralty or maritime jurisdiction may

issue against the Untuckit Cargo 1, Untuckit Cargo 2, Untuckit Cargo 3 and Untuckit Cargo 4 under Rule D of the Supplemental Rules of Civil Procedure for Admiralty or Maritime Claims. [Untucking Cargo 1 (Container No. CSNU7999108) is currently located at Fenix Marine Terminal (614 Terminal Way, Terminal Island, Port of Los Angeles, CA 90731)] [Untuckit Cargos 2-4 (in containers numbered CSLU1913310; OOLU6920507 and OOLU9545499, are or will be located at Pacific Container Terminal (521 Pier J Ave E, Long Beach, CA 90802)];

c.     For an order that Plaintiffs and either of them are entitled to possessory rights to the Untuckit Cargos 1-4 (Containers numbered CSNU7999108, CSLU1913310; OOLU6920507 and OOLU9545499), for COSCO to release the Untuckit Cargos 1-4 (Containers numbered CSNU7999108, CSLU1913310; OOLU6920507 and OOLU9545499) Container;

d.     That the Court enter judgment in favor of Plaintiffs and each of them and enter an order confirming Plaintiffs' right to possession, and allowing for delivery of the Untuckit Cargos 1-4 to Plaintiffs.

e.     That process in due form of law, according to the practice of this Court in cases of admiralty jurisdiction, issue against MV CMA CGM YUKON and its engines, tackle, other appurtenances, etc., *in rem*, with a warrant for the arrest of the MV CMA CGM YUKON, and that the said Vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein in favor of Plaintiffs;

f.     That process in due form of law, according to the practice of this Court in cases of admiralty jurisdiction, issue against MV OOCL GENOA and its engines, tackle, other appurtenances, etc., *in rem*, with a warrant for the arrest of the MV OOCL GENOA, and that the said Vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein in favor of Plaintiffs;

g.     That the MV CMA CGM YUKON and its engines, tackle, other appurtenances, etc., after its arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy any judgment plaintiffs may obtain against the said

Kaye, Rose & Partners, LLP

21

VERIFIED COMPLAINT PURSUANT TO RULES C, D and E

Vessel, and that the Court award Plaintiffs out of the proceeds of its sale the full amount of its claim, in the amount of $131,293.08, together with interest, costs, and attorney's fees;

h.    That the MV OOCL GENOA and its engines, tackle, other appurtenances, etc., after its arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy any judgment plaintiffs may obtain against the said Vessel, and that the Court award Plaintiffs out of the proceeds of its sale the full amount of its claim, in the amount of $646,413.32, together with interest, costs, and attorney's fees;

i.    That the maritime lien based on contract against the MV CMA CGM YUKON be declared to give rise to a preferred maritime lien on the MV CMA CGM YUKON and declared prior and superior to all other interests, liens, or claims against the MV CMA CGM YUKON;

j.    That the maritime lien based on contract against the MV OOCL GENOA be declared to give rise to a preferred maritime lien on the MV OOCL GENOA and declared prior and superior to all other interests, liens, or claims against the MV OOCL GENOA

k.    That judgment in the amount of $131,293.08 plus accrued and compound interest and costs and expenses be granted in favor of Plaintiffs and against the Vessel MV CMA CGM YUKON;

l.    That judgment in the amount of $646,413.32  plus accrued and compound interest and costs and expenses be granted in favor of Plaintiffs and against the Vessel MV OOCL GENOA;

m.    For an award of punitive damages against Defendant COSCO and Does 1-5 consistent with the facts and circumstances alleged herein-above;

n.    For prejudgment interest on all sums that shall be adjudged to be owing;

o.    For such other relief as may be appropriate, including attorneys' fees

22

VERIFIED COMPLAINT PURSUANT TO RULES C, D and E

1    and costs; and

2        p.    For such other and further relief as the Court deems just and proper.

3

4    Respectfully submitted,

5

6    Dated: August 14, 2024              **KAYE, ROSE & PARTNERS, LLP**

7

8                                        By:  *s/ Frank C. Brucculeri*
                                             Bradley M. Rose
9                                            Frank C. Brucculeri
                                             Attorneys for Plaintiffs
10                                           TPLOGIX, INC. and UNTUCKIT,
                                             LLC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFIED COMPLAINT PURSUANT TO RULES C, D and E

**<u>VERIFICATION</u>**

I, Raina Nguyen, declare:

I am the Operations Manager of TPLOGIX, Inc., and I am authorized to make this Verification on its behalf. I have read the foregoing VERIFIED COMPLAINT and know the contents thereof. The matters stated therein are true and correct of my own personal knowledge, except as to matters which are stated upon information and belief, and as those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on August 14, 2024 at Fountain, Valley, California.



_____

Raina Nguyen
Operations Manager
TPLOGIX, Inc.

Kaye, Rose & Partners, LLP

24
VERIFIED COMPLAINT PURSUANT TO RULES C, D and E

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kaye, Rose & Partners, LLP

## <u>VERIFICATION</u>

I, Frank Brucculeri, do declare and state as follows:

      1.     I am a Partner at Kaye Rose & Partners LLP and an attorney for UNTUCKIT, LLC, one of the Plaintiffs in the above action.

      2.     I have read the **VERIFIED COMPLAINT** and know the contents thereof based on the facts and circumstances as they appear from the relevant shipping documents and email exchanges between Plaintiffs and COSCO Shipping Lines Co. Ltd.

      3.     Said contents are true of my own knowledge (based on my investigation and review of the relevant commercial sales and shipping records/documents), except as to the matters therein stated on information and belief, and as to those matters, I believe them to be true.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed on August 14, 2024 at Laguna Niguel, California.

                         **KAYE, ROSE & PARTNERS, LLP**

By:  *s/Frank C. Brucculeri*
       Frank C. Brucculeri
       Attorneys for Plaintiffs
       TPLOGIX, INC. and UNTUCKIT, LLC.

VERIFIED COMPLAINT PURSUANT TO RULES C, D and E